■ Henry Gass et al., Plaintiffs, v Equitable Life Assurance Society of the United States et al., Defendants and Third-Party Plaintiffs. Lehr Construction Corp., Third-Party Defendant and Fourth-Party Plaintiff-Appellant; Heydt Con-

STRUCTION, Fourth-Party Defendant-Respondent.—Order, Supreme Court, New York County (Myriam Altman, J.), entered May 2, 1990, which, *inter alia,* granted fourth-party defendant Heydt Construction's motion for summary judgment dismissing Lehr Construction's fourth-party complaint, unanimously affirmed, with costs.

Plaintiff, while working as a hoist operator for Lehr Construction (Lehr) at a construction site owned by The Equitable Life Assurance Society of the United States (Equitable), was injured when he fell from a ground-level platform constructed by the general contractor Turner Construction Company (Turner).

After plaintiff brought an action against Equitable and Turner to recover damages for physical injuries sustained, and those defendants brought a third-party action against Lehr, Lehr commenced a fourth-party action for contribution/indemnification against Heydt Construction, a subcontractor at the site that was responsible for erecting and dismantling sidewalk bridges, hoist towers and scaffolding. The record reveals that the IAS court properly granted fourth-party defendant Heydt's motion to dismiss the fourth-party complaint and all cross claims asserted against it, as Heydt demonstrated that defendant Turner was responsible for constructing and maintaining the platform where the accident occurred. Although Lehr's counsel produced three letters addressed from Heydt to Turner in which Heydt indicated it had inspected various platforms at the construction site, the sender of those letters, in an affidavit, stated that the "platforms" referred to upper-landing platforms which Heydt had constructed and not the ground-level one involved herein. Lehr's counsel's affidavit, which suggested that the reference to "platforms" included the subject ground-level platform, was not based on personal knowledge and thus lacked probative value. Concur—Carro, J. P., Ellerin, Ross, Asch and Kassal, JJ.